IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN S. HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 20-1291 (MN) |
| | ) |
| BRIAN EMIG, Warden, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Jonathan S. Hall – *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

August 10, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Jonathan Hall ("Petitioner"). (D.I. 1; D.I. 4; D.I. 9). The State moved for leave to file a motion to dismiss (D.I. 19),[1] which Petitioner opposed (D.I. 21). After reviewing the parties' submissions, the Court granted the State leave to file a motion to dismiss. (D.I. 34). For the reasons discussed, the Court will grant the State's motion and dismiss the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

**I.     BACKGROUND**

On July 18, 2015, Petitioner was arrested for firearm and drug-related charges. (D.I. 19-1 at 3). On July 31, 2014, Petitioner was arrested for separate drug-related charges. (*Id.*). A New Castle County grand jury returned two sets of indictments. (*Id.*). On February 4, 2016, Petitioner entered a plea that resolved both cases – pleading guilty to Tier 2 possession of drugs, one count of possession of a firearm by a person prohibited ("PFBPP"), one count of possession of ammunition by a person prohibited and resisting arrest. (D.I. 17-1 at Entry No. 15; D.I. 17-2 at Entry No. 12). On April 8, 2016, the Superior Court sentenced Petitioner as follows: (1) for his PFBPP conviction, twelve years and six months of Level V incarceration (with credit for five days), suspended after ten years for Level II and six months of Level IV probation, suspended after six months for two years of Level III probation; (2) for his PABPP conviction, one year at Level V, suspended for one year of Level III probation (probation to run concurrent); (3) for his Tier 2 possession conviction, one year at Level V, suspended for one year at Level II (probation to run concurrent); and (4) for his resisting arrest conviction, one year at Level V, suspended for one year at Level I (probation to run concurrent). (D.I. 17-5 at 19-23); *see also State v. Hall*, 2020 WL

---

[1]     The State attached the proposed motion papers. (*See* D.I. 19-1).

2029541, at *1 (Del. Super. Ct. Apr. 21, 2020).  Petitioner did not appeal his conviction or sentence.

On December 14, 2018, Petitioner filed a motion to dismiss current counsel and appoint new counsel in both Superior Court cases in which he had entered the combined plea.  (D.I. 17-1 at Entry No. 20; D.I. 17-2 at Entry No. 15).  The Superior Court denied his motion.  (D.I. 17-1 at Entry No. 21;  D.I. 17-2 at Entry No. 16).

On December 20, 2019, Petitioner filed a motion to appoint counsel, a Rule 35(a) motion for correction of illegal sentence, and a motion for postconviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 17-1 at Entry Nos. 24-26; D.I. 17-2 at Entry Nos. 19-21).  On March 20, 2020, the Superior Court denied the Rule 35(a) motion.  *See State v. Hall*, ID Nos. 1507014587 and 1507024327, Order (Del. Super. Ct. Mar. 20, 2020).  Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on August 25, 2020).  *See Hall v. State*, 238 A.3d 191 (Table), 2020 WL 5033426, at *1 (Del. Aug. 25, 2020).

The Superior Court denied the motion to appoint counsel on April 21, 2020.  (D.I. 17-1 at Entry No. 34; D.I. 17-2 at Entry No. 29).

On August 6, 2020, the Superior Court denied Movant's Rule 61 motion, and the Delaware Supreme Court affirmed that judgment on December 2, 2020.  *See State v. Hall*, 2020 WL 4559458 (Del. Super. Ct. Aug. 6, 2020); *Hall v. State*, 242 A.3d 1085 (Table), 2020 WL 7069754 (Del. Dec. 2, 2020).

On September 25, 2020, Petitioner filed in the Superior Court a petition for a writ of habeas corpus.  (D.I. 17-1 at Entry No. 43; D.I. 17-2 at Entry No. 38).  The Superior Court denied the petition on October 1, 2020.  (D.I. 17-1 at Entry No. 44; D.I. 17-2 at Entry No. 39).

Petitioner filed the instant habeas Petition in September of 2020, asserting that his convictions and sentence are illegal because various amendments of the United States and Delaware constitutions guarantee him the right to bear arms as a United States citizen, even though he is a felon. (D.I. 1; D.I. 4; D.I. 4-1).

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on April 8, 2016. Because Petitioner did not appeal that judgment, his conviction became final on May 9, 2016, when the time to appeal expired.[2] Applying the one-year limitations period to that date, Petitioner had until May 9, 2017 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event of the limitations period, namely, the date of finality). Petitioner, however, did not file the instant Petition until September 22, 2020,[3] approximately three and one-half years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or

---

[2] The last day of the appellate period fell on a Sunday – May 8, 2016. Therefore, the time to appeal extended to the end of the day on Monday, May 9, 2016. *See* Del. Supr. Ct. R. 11.

[3] Pursuant to the prison mailbox rule, the Court adopts September 22, 2020 as the date of filing because that is the date of the postmark on the envelope of mailing. (D.I. 1 at 3); *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on May 10, 2016, and ran without interruption until it expired on May 10, 2017. The Rule 61 motion and Rule 35(a) motion Petitioner filed in 2019 do not have any statutory tolling effect, because they were filed long after the limitations period had expired.

Thus, the Petition is time-barred, unless equitable tolling or the actual innocence equitable exception apply.

B.     **Equitable Tolling and Actual Innocence Exception**

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence

6

exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner asserts that the limitations period should be equitably tolled for the following reasons: (1) he had to exhaust state remedies before filing the instant Petition (D.I. 21 at 1-2); (2) he could not file a habeas petition during the first five months of the limitations period because he did not have adequate access to the law library (D.I. 30 at 4); and (3) he was not physically or mentally capable of filing a habeas petition because he was suffering from an opioid addiction and depression (D.I. 30 at 4). None of these arguments warrant equitable tolling.

First, although a petitioner's "need to exhaust state remedies will create a tension with the one-year statute of limitations in AEDPA," Petitioner's compliance with the exhaustion requirement does not warrant equitable tolling. *See Merritt v. Blaine,* 326 F.3d 157, 170 n.10 (3d Cir. 2003). The obligation to exercise diligence "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the inmate] is exhausting state remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Petitioner does not explain why he waited more than four years after his conviction became final before filing his first Rule 61 motion in the Superior Court. Moreover, Petitioner could have filed a protective habeas petition in this Court along with a request to stay the proceeding while he was exhausting state remedies but failed to do so. *See Pace*, 544 U.S. at 416 (a "prisoner seeking state postconviction relief might avoid this [exhaustion] predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). Petitioner does not explain why he did not file such a protective petition.

Second, limited access to the law library and legal materials is a routine aspect of prison life, not an extraordinary circumstance warranting equitable tolling. *See Bunting v. Phelps*, 687 F. Supp. 2d 444, 448 (D. Del. 2009). Petitioner's filing is more than three years late, and he has failed to demonstrate how his alleged limited access for a five-month period prevented him from timely filing his Petition during that three-year period.

Third, Petitioner's alleged opioid addiction and depression (D.I. 30 at 4) do not trigger equitable tolling, because he has not shown how these issues prevented him from filing a timely Petition.

Finally, to the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004); *Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling). For all these reasons, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

As for the equitable "actual innocence" exception, Petitioner does not assert his actual innocence, nor does he present any new reliable evidence of his actual innocence. Therefore, the exception is inapplicable to this case.

Accordingly, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred.

### III.   PENDING MOTIONS

During the pendency of this proceeding, Petitioner filed two Motions to add Respondents (D.I. 37; D.I. 38), a Motion for the Court to Answer his Petition (D.I. 41), a Motion for Leave of the Court to File a Motion Seeking Injunctive Relief (D.I. 45), and Motion for Permanent (Final)

Injunction to Prevent Delaware from Enforcing its Unconstitutional and Illegal Gun Laws (D.I. 46). The Court notes that it already updated the caption of the instant case to reflect that the Petitioner's current warden is Brian Emig. Consequently, the Court will deny Petitioner's two Motions to Add Respondents as moot. In turn, given the Court's determination to dismiss the Petition as time-barred, the Court will also dismiss as moot Petitioner's Motion for the Court to Answer his Petition. As for Petitioner's Motions seeking injunctive relief from Delaware's enforcement of its gun laws, the Court notes that they essentially reassert his argument concerning Delaware's allegedly unconstitutional gun laws but, instead of seeking habeas relief, he asks the Court for injunctive relief. The Court will dismiss these motions as moot.

### IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

9

## V.     CONCLUSION

For the reasons stated, the Court will grant the State's Motion to Dismiss and dismiss the Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability.  An appropriate Order shall issue.